# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-536V

| | |
|---|---|
| * * * * * * * * * * * * *<br>DAKOTA PALMORE,      *<br>                              *<br>            Petitioner,   *<br>                              *<br>v.                            *<br>                              *<br>SECRETARY OF HEALTH   *<br>AND HUMAN SERVICES,   *<br>                              *<br>            Respondent.  *<br>                              *<br>* * * * * * * * * * * * * | Special Master Katherine E. Oler<br><br>Filed: July 8, 2024 |

*Jessi Carin Huff,* Maglio Christopher & Toale, Seattle, WA, for Petitioner.
*Madelyn Weeks,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 13, 2022, Dakota Palmore ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from Bell's palsy as a result of the influenza ("flu") vaccination she received on or about September 30, 2019. *Id*. at 1. On December 18, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on that same day. (ECF No. 35).

On January 19, 2024, Petitioner filed an application for final attorneys' fees and costs.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("Fees App.") (ECF No. 39). Petitioner requests total attorneys' fees and costs in the amount of $68,371.56, representing $65,319.00 in attorneys' fees and $3,052.56 in attorneys' costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner has indicated that she personally has not incurred any costs related to the prosecution of her petition. Ex. 29. Respondent responded to the motion on January 24, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 40). Petitioner filed her reply on January 26, 2024, requesting the requested fees and costs be awarded in full. (ECF No. 41).

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a. **Reasonable Hourly Rates**

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates of compensation for their attorneys at mctlaw: for Mr. Altom Maglio: $445.00 per hour for work performed in 2021; for Ms. Diana Stadelnikas: $395.00 per hour for work performed in 2021; and for Ms. Jessi Huff: $380.00 per hour for work performed in 2021, $395.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $460.00 per hour for work performed in 2024. Ex. 27 at 32. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. *See, e.g.*, *Kabayan v. Sec'y of Health & Hum. Servs.*, No. 22-298V, 2023 WL 7132987, at *2 (Fed. Cl. Spec. Mstr. Oct. 2, 2023); *Morrison v. Sec'y of Health & Hum. Servs.*, No. 18-386V, 2023 WL 1873254, at *5 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Hendrickson v. Sec'y of Health & Hum. Servs.*, No. 17-006V, 2023 WL 166410, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2023). The undersigned shall also award the requested paralegal time at the provided rates.[4]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

---

[3] The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf
The 2024 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for the paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. Amy Semanie billed $155.00 in 2021 and $160.00 in 2022. Audrey Harper billed $165.00 in 2021. Chelsea Harris billed $165.00 in 2021, $170.00 in 2022, $180.00 in 2023, and $190.00 in 2024. Jennifer Gutierrez billed $165.00 in 2021 and $170.00 in 2022. Kendall Wallin billed $165.00 in 2021 and $180.00 in 2023. Kimberly Dutra billed $165.00 in 2021 and $170.00 in 2022. Lindsay Wilkinson billed $160.00 in 2021-2022 and $170.00 in 2023. Mackenzie Riordan billed $160.00 in 2021, and in 2021-2022. Madison Alexander billed $165.00 in 2021. Makia Walker billed $165.00 in 2021. Melissa Sealy billed $170.00 in 2022.

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $65,319.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,052.56 in attorneys' costs. This amount is comprised of DocuSign fees, acquiring medical records, postage, and the Court's filing fee. Ex. 28 at 33-34. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. The undersigned finds these costs to be reasonable and shall fully reimburse them.

## II. Conclusion

Accordingly, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$68,371.56** representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, mctlaw. The check shall be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.